IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NOVARTIS PHARMACEUTICALS CORPORATION, <br><br> *Plaintiff*, <br><br> v. <br><br> XAVIER BECERRA, in his official capacity as SECRETARY OF HEALTH AND HUMAN SERVICES, <br><br> and <br><br> ROBERT M. CALIFF, M.D., in his official capacity as COMMISSIONER OF FOOD AND DRUGS, FOOD AND DRUG ADMINISTRATION, <br><br> *Defendants*. | Civil Action No. _____ <br><br> **ORAL HEARING REQUESTED** |

## NOVARTIS'S MOTION FOR TEMPORARY RESTRAINING ORDER AND/OR PRELIMINARY INJUNCTION

Pursuant to Federal Rule of Civil Procedure 65 and Local Rule 65.1, Plaintiff Novartis Pharmaceuticals Corporation seeks a temporary restraining order and/or preliminary injunction setting aside Defendants' conduct in denying Novartis's labeling carve-out citizen petition and approving an Abbreviated New Drug Application (ANDA) submitted by MSN Laboratories Private LTD (MSN) referencing Novartis's drug product ENTRESTO® (sacubitril/valsartan).

On July 25, 2024, FDA publicly announced its approval of MSN's ANDA. FDA's approval of the ANDA and denial of Novartis's citizen petition violates the Administrative Procedure Act (APA), for several reasons.

First, FDA acted unlawfully in determining that it could approve a generic product without the same approved indication as ENTRESTO® (sacubitril/valsartan). The FDCA requires that a proposed generic product show that the "labeling proposed for the new drug is the same as the labeling approved for the listed drug." 21 U.S.C. § 355(j)(2)(A)(v). In its citizen petition response, FDA announced that it would approve the MSN product even though its product relies on ENTRESTO's superseded indication rather than its current, broader indication. This generic labeling is not simply a carved-out version of the ENTRESTO labeling; it is rewritten whole cloth. FDA has acted in clear contradiction to its governing statute and implementing regulations.

Second, FDA has stated that it will permit generic labeling to carve out critical safety instructions relating to a modified dosing regimen derived from the results of Novartis's TITRATION study. FDA's decision to jettison those safety instructions violates the agency's binding regulations, which prohibit labeling differences between reference and generic products that render the generic product "less safe or effective than the listed drug for all remaining, non-protected conditions of use." 21 C.F.R. § 314.127(a)(7).

Absent immediate judicial intervention enjoining FDA's approval of MSN's product, Novartis will suffer irreparable harm. In contrast, the Government will suffer no harm if emergency relief is entered until this Court is able to resolve the case on the merits.

For these reasons and those provided in the accompanying memorandum, Novartis requests entry of a TRO and/or preliminary injunction enjoining FDA's approval of MSN's product pending a decision on the merits. Because MSN could launch its product at any moment, Novartis respectfully requests a prompt hearing and ruling on the motion by **August 8, 2024**. Proposed orders accompany this motion.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | /s/  *Catherine E. Stetson*<br>Catherine E. Stetson (D.C. Bar No. 453221)<br>Susan M. Cook (D.C. Bar No. 462978)<br>Marlan Golden (D.C. Bar. No. 1673073)<br>HOGAN LOVELLS US LLP<br>555 Thirteenth Street, NW<br>Washington, DC 20004<br>Telephone: (202) 637-5491<br>Facsimile: (202) 637-5910<br>cate.stetson@hoganlovells.com |
| Dated:  July 30, 2024 | *Attorneys for Novartis Pharmaceuticals Corporation* |